# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY PRATT**, | : | **CIVIL ACTION NO. 1:12-CV-2364** |
| **Plaintiff** | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **J. FISHER**, *et al.*, | : | |
| **Defendants** | : | |

# <u>ORDER</u>

AND NOW, this 9th day of January, 2013, upon consideration of the Report and Recommendation of United States Magistrate Judge Martin C. Carlson (Doc. 8), recommending that plaintiff's complaint (Doc. 1) be dismissed without prejudice, and, following an independent review of the record, it appearing that neither party has objected to the magistrate judge's report and recommendation, and that there is no clear

error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The Report and Recommendation of Magistrate Judge Carlson (Doc. 8) are ADOPTED.

2. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) is GRANTED solely for the purpose of filing this action.

3. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice. Plaintiff is granted leave to file an amended complaint within twenty (20) days of the date of this order, which shall address the deficiencies set forth in Magistrate Judge Carlson's Report and Recommendation. Failure to file an amended complaint in a timely fashion shall be deemed an abandonment of these claims and this matter shall be dismissed with prejudice.

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

4. The above-captioned case is REMANDED to Magistrate Judge Carlson for further proceedings.

                                          <u>S/ Christopher C. Conner</u>
                                          CHRISTOPHER C. CONNER
                                          United States District Judge